UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KING,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No. 24-cv-00040-SI<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH AND FIFTH CAUSES OF ACTION**<br><br>Re: Dkt. No. 23 |

Now before the Court is the motion by defendant General Motors LLC ("GM") to dismiss the Fourth and Fifth Causes of Action from the First Amended Complaint ("FAC"). Dkt. No. 23. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing. Dkt. No. 26. For the reasons set forth below, the Court GRANTS the motion.

## BACKGROUND

**I.    Factual Allegations**[1]

This action arises from plaintiff Jacqueline King's purchase of a new 2020 Chevrolet Bolt ("subject vehicle"). *See* Dkt. No. 20, FAC. On or around February 28, 2020, plaintiff bought the subject vehicle from "Silveira Chevrolet," an authorized dealer and agent of GM. *Id*. ¶¶ 2, 6. Plaintiff alleges that GM "falsely represented" that the 2020 Bolt was "safe and functional for normal use," when in fact GM knew of issues impacting the vehicle's safety, battery capacity,

---

[1] For purposes of this motion to dismiss, the Court treats as true the factual allegations as stated in plaintiff's FAC and draws all reasonable inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

1 mileage range, and ability to be parked indoors overnight. *Id.* ¶ 17.

2

3 **II.     Procedural History**

4 On November 21, 2023, plaintiff filed this action in the Superior Court for the County of

5 Sonoma against General Motors, LLC. Dkt. No. 1-1. On January 3, 2024, defendant removed the

6 action to this district on the basis of diversity jurisdiction. Dkt. No. 1. Defendant then moved to

7 dismiss the Fourth and Fifth Causes of Action. Dkt. No. 10.

8 On February 20, 2024, the Court granted defendant's motion to dismiss, with leave to amend.

9 Dkt. No. 19. The Court noted that "plaintiff's responsive brief contains a set of factual allegations—

10 regarding representations that General Motors' Vice-President Steve Hill made about a battery

11 replacement—that is entirely absent from plaintiff's complaint." *Id.* at 1. On March 6, 2024,

12 plaintiff timely filed the FAC. Dkt. No. 20. The FAC alleges three causes of action under the Song-

13 Beverly Consumer Warranty Act, a fourth cause of action claiming fraud, and a fifth cause of action

14 alleging violations of the "unfair," "fraudulent," and "unlawful" prongs of California Business &

15 Professions Code § 17200. Defendant again moves to dismiss the Fourth and Fifth Causes of Action

16 under Federal Rule of Civil Procedure 9(b) and 12(b)(6). Dkt. No. 23.

17

18                                         **LEGAL STANDARD**

19 Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

20 it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

21 dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

22 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires

23 the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

24 unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened

25 fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the

26 speculative level." *Twombly*, 550 U.S. at 555, 570.

27 In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

28 court must assume that the plaintiff's allegations are true and must draw all reasonable inferences

1  in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However,
2  the court is not required to accept as true "allegations that are merely conclusory, unwarranted
3  deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055
4  (9th Cir. 2008). A pleading must contain allegations that have "factual content that allows the court
5  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556
6  U.S. at 678. Dismissal under Rule 12(b)(6) is proper when the complaint "lacks a cognizable legal
7  theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple,*
8  *Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

Under Rule 9(b), fraud claims must be pled with particularity. Rule 9(b)'s heightened pleading requirements demand that "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the misconduct charged and "must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). Specifically, fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties . . . ." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

**DISCUSSION**

**I.    Dismissal of Fraud Claims Based on Pleading Deficiencies[2]**

Defendant argues the fraud claims should be dismissed with prejudice due to pleading deficiencies. Defendant argues that "the FAC's substantial shortcomings are not amenable to correction . . . ." and notes that "plaintiff does not request leave to again amend her complaint." Dkt. No. 25 at 1.

---

[2] The fraud claims include: affirmative misrepresentation and fraudulent concealment claims (Fourth Cause of Action) and claims under the "fraudulent" prong of California Business & Professions Code § 17200 (portion of the Fifth Cause of Action).

United States District Court
Northern District of California

### A. Affirmative Misrepresentation

In the FAC, plaintiff advances two affirmative misrepresentation theories. First, plaintiff alleges that defendant affirmatively misrepresented the battery capacity and indoor storage ability of the subject vehicle. Dkt. No. 20 at 17. Second, plaintiff alleges that a December 2021 letter from GM Vice-President Steve Hill "promising [plaintiff] that their battery would be replaced" also constitutes affirmative misrepresentation. FAC ¶¶ 50, 93.[3]

#### 1. Battery Capacity and Indoor Storage Ability

The elements of affirmative misrepresentation are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citations omitted). The plaintiff must show that the defendant was aware of the alleged defect at the time of sale. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146-48 (9th Cir. 2012).

The Court agrees with GM that the knowledge element is insufficiently pled. Knowledge and intent can be alleged generally. *See* Fed. R Civ. P. 9(b). However, plaintiff has not alleged facts from which the Court can infer that GM had knowledge of battery defects impacting the 2020 Bolt's safety and mileage range at the time of sale. Plaintiff alleges that, prior to her purchase of the subject vehicle in February 2020, GM first became aware of issues with the Bolt battery and instituted a process to replace defective batteries in December 2016, and GM created a repair program for the Bolt in response to findings of issues with low battery voltage in November 2017. FAC ¶¶ 20, 23. The complaint alleges that in October 2017, "NHTSA published a warning that overcharging lithium ion batteries, such as the battery in the Bolt, can result in spontaneous ignition."[4] *Id.* ¶ 22. The complaint also identifies one pre-sale battery fire involving the Bolt, in

---

[3] The FAC states that plaintiff included the December 2021 letter as Exhibit A. FAC ¶¶ 49, 93. However, no exhibit was attached to the FAC.

[4] The FAC does not explain the acronym "NHTSA," but the opposition brief identifies this as the National Highway Safety Administration.

4

March 2019. *Id.* ¶ 27. Although these facts are sufficient to allege knowledge about some issues with Bolt batteries, they are not sufficient to reasonably infer that GM knew prior to the sale that the batteries for plaintiff's specific Bolt model had defects impacting its safety and mileage range. Moreover, knowledge about one battery fire in March 2019 is insufficient to infer knowledge about battery defects causing general fire risk in 2020 model year Bolts. The Court points out that plaintiff's opposition brief adds an allegation not included in the FAC, that "[b]y August 2020, General Motors was aware of at least 12 fires involving the Chevrolet Bolt." Dkt. No. 24.[5] Even if the Court were to consider the additional facts raised in the opposition brief, the Court's reasoning would not change. Plaintiff's allegations are insufficient to plausibly plead pre-sale knowledge.

The Court thus GRANTS defendant's motion to dismiss the affirmative misrepresentation claims based on battery capacity and indoor storage ability. Plaintiff has been given one opportunity to amend the factual allegations of the complaint and at this stage has not requested further leave to amend. Additionally, the Court *sua sponte* takes judicial notice of the docket in *Mulders v. General Motors, LLC.*, No. 3:23-CV-06395-JSC (N.D. Cal. filed Dec. 12, 2023). *See* Fed. R. Evid. 201. The same attorneys represented the parties in that case, and the amended complaint in *Mulders* is identical to the FAC here, except that the subject vehicle in *Mulders* was purchased one year later, in February 2021. *See id.*, Dkt. No. 22 ¶ 6. Judge Corley dismissed the affirmative representation claims for failure to allege the requisite knowledge. *See id.*, Dkt. No. 30. Although Judge Corley gave the plaintiff leave to amend based on the indication at the hearing that he could allege additional facts plausibly supporting an inference of knowledge, the plaintiff did not amend the complaint.

Given the opportunity plaintiff here has had to the amend the complaint, the lack of request for further amendment, and the absence of amended allegations in an identical case (*Mulders*), the Court will not grant further leave to amend.

---

[5] The opposition brief also contains the additional allegation that NHTSA "opened an investigation into the Chevrolet Bolt" in October 2020. *See* Dkt. No. 24. Plaintiff's opposition brief does not contain page numbers.

### 2. Battery Replacement

Plaintiff also alleges affirmative misrepresentation based on GM vice-president Steven Hill's December 2021 letter to plaintiff "promising them that their battery would be replaced." FAC ¶¶ 50, 93. In *Mulders*, Judge Corley dismissed plaintiff's identical affirmative misrepresentation claim based on Mr. Hill's letter "without leave to amend as Plaintiff conceded he could not allege facts to plausibly support an inference Defendant did not intend to abide by its promise at the time the promise was made." No. 23-cv-06395, Dkt. No. 30 at 2.

Facts supporting such an inference is likewise lacking in this case. The Court agrees with GM that plaintiff does not adequately support an inference–either in the FAC or opposition brief– that Hill intended to defraud plaintiff at the time the promise was made. The Court GRANTS defendant's motion to dismiss plaintiff's affirmative misrepresentation claim based on the December 2021 Hill letter. For the same reasons stated above, the Court will not grant further leave to amend.

## B. Fraudulent Concealment

Plaintiff also advances one fraudulent concealment theory. Plaintiff alleges that GM had knowledge of the subject vehicle's battery charging and indoor storage issues and "concealed and suppressed" this information to mislead plaintiff. FAC ¶ 99.

The elements of a cause of action for fraudulent concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009) (internal quotation marks and citations omitted). As with an affirmative misrepresentation claim, GM must have had pre-sale knowledge of the alleged defect. *See Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 865 (N.D. Cal. 2018).

As the Court explained above, the FAC's allegations are insufficient to plead pre-sale knowledge of the Bolt's battery capacity and indoor storage issues. The Court thus incorporates its ruling on the affirmative misrepresentation claim here. Therefore, the Court GRANTS defendant's motion to dismiss the fraudulent concealment claim. The Court does not grant leave to amend for the same reasons discussed above.

## II. Plaintiff's Remaining Non-Fraudulent UCL Claims

Finally, plaintiff requests relief under California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 et seq. The UCL prohibits "unfair competition," which is broadly defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. GM argues the UCL claims must be dismissed for lack of equitable jurisdiction. Plaintiff does not respond to this issue in the opposition brief. For a plaintiff to obtain equitable remedies under the UCL in a diversity action in federal court, the plaintiff must establish that she lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). In *Mulders*, Judge Corley dismissed identical claims brought under the UCL "without prejudice, as Plaintiff has an adequate remedy at law under the Song-Beverly Act." No. 23-cv-06395, Dkt. No. 30 at 2 (citing *Sonner*, 971 F.3d 834; *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612, 216 L. Ed. 2d 1209 (2023)).

The Court agrees with GM that plaintiff has not established equitable jurisdiction for plaintiff's remaining UCL claims because plaintiff has not established that she lacks an adequate remedy at law. Plaintiff will not receive leave to amend, as no amendment could cure this deficiency. The Court dismisses plaintiff's remaining UCL claims without prejudice.[6]

---

[6] The Court denies, without prejudice, defendant's request for judicial notice of the United States Environmental Protection Agency estimated mileage range for 2020-2022 model-year Chevrolet Bolts. *See* Dkt. No. 23-3. The Court did not rely on this information in issuing today's ruling.

7

**CONCLUSION**

For the reasons stated above and for good cause shown, the Court GRANTS defendant's motion to dismiss the Fourth and Fifth Causes of Action. The affirmative misrepresentation and fraudulent concealment claims (Fourth Cause of Action), as well as the "fraudulent" prong of California Business & Professions Code § 17200 (portion of the Fifth Cause of Action), are dismissed without leave to amend. Claims based on the "unlawful" and "unfair" prongs of California Business & Professions Code § 17200 (portions of the Fifth Cause of Action), are dismissed from this case, without prejudice.

**IT IS SO ORDERED**.

Dated:  July 2, 20224

SUSAN ILLSTON
United States District Judge